UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TAMIKA TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:21-CV-01864 |
| | ) |
| MOBILE PRIMARY CARE, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Tamika Turner ("Turner"), by counsel, brings this action against Defendant, Mobile Primary Care, LLC ("Defendant") alleging violations of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, the Fair Labor and Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Indiana law.

**II. PARTIES**

2. Turner is a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1343 and 28 U.S.C. §1367. Turner's state law claims arise from a common nucleus of facts as her Federal claims and,

therefore, all of her claims form a single case and controversy.

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 203(d).

6. Turner is an "employee" as that term is defined by 29 U.S.C. § 203(e)(1).

7. Defendant is subject to the FLSA because it is an enterprise engaged in interstate commerce and Defendant generates an annual gross volume of sales made or business done in excess of $500,000.00.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV.   FACTUAL ALLEGATIONS

9. Turner is African-American.

10. She was hired by Defendant on July 8, 2020 as a Nurse Practitioner.

11. Turner was to be compensated with 35% to 45% of the reimbursement for services rendered to Defendant's patients. The reimbursements for the services would occur across state lines.

12. Turner reported to John Runge, Defendant's Owner.

13. On or about September 2, 2020, Runge terminated Turner's employment noting that he no longer needed her.

14. Between July 8, 2020 and September 2, 2020, Turner worked, on average, worked 4 days per week, approximately 12 hours per day. She would see approximately 10-12 patients per day.

15. Each Day, Turner would generate approximately $1,200 in total

commission payments that were owed to her, or approximately $6,000 per week. Turner is owed approximately $48,000 in unpaid commission payments.

16. Defendant did not provide Turner with the agreed upon compensation for her services. In fact, he did not provide her with any compensation for her services. He only paid a total of approximately $300 as mileage reimbursement for her two months of work.

17. Upon information and belief, Defendant employed but refused to pay another African-American Nurse Practitioner.

18. By comparison, Defendant has compensated its Caucasian Nurse Practitioners. In fact, Defendant replaced Turner with a Caucasian Nurse Practitioner and offered her a $1,500 sign-on bonus.

## V. CAUSES OF ACTION

### COUNT I: RACE DISCRIMINATION

19. Turner hereby incorporates paragraphs one (1) through eighteen (18) of her Complaint.

20. Defendant discriminated against Turner based on her race.

21. Defendant's actions were intentional, willful and in reckless disregard of Turner's rights as protected by the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

22. Turner suffered damages as a result of Defendant's unlawful actions.

### COUNT II: BREACH OF CONTRACT

23. Turner hereby incorporated by reference paragraphs one (1) through

twenty-two (22) of her Complaint.

24. Turner and Defendant had a valid contract for employment wherein Defendant agreed to compensate Turner for the work that she provided.

25. Defendant breached the contract by failing to pay all of the compensation due to Turner.

26. Turner has suffered damages as a result of Defendant's breach of the agreement.

## COUNT III: FAILURE TO PAY WAGES

27. Turner hereby incorporates paragraphs one (1) through twenty-six (26) of her Complaint as if the same were set forth at length herein.

28. The Defendant failed to pay wages or compensation due to Turner on the next usual and regular day for payment of wages, or the regular pay day for the pay period during his employment in violation of Indiana law.

29. The Defendant has failed for ten (10) days after demand of payment was made to pay Plaintiff for his labor.

30. Turner has suffered damages as a result of the Defendant's failure to pay.

## COUNT IV: UNJUST ENRICHMENT

31. Turner hereby incorporates paragraphs one (1) through thirty (30) of her Complaint as if the same were set forth at length herein.

32. The Defendant has failed and/or refused to pay wages due to Plaintiff for her labor and services during her tenure of working for Defendant.

33. The Defendant has been unjustly enriched by keeping funds that are the property of the Plaintiff.

### COUNT V: FLSA – FAILURE TO PAY MINIMUM WAGE

34. Turner hereby incorporates paragraphs one (1) through thirty-three (33) of her Complaint as if the same were set forth at length herein.

35. Turner is a non-exempt employee of Defendant who engaged in commerce and/or in an enterprise engaged in commerce.

36. Defendant intentionally and willfully failed to compensate Turner at minimum wage for the hours worked within the required time frame.

37. Turner is entitled to recover from Defendant all compensation which she earned as well as liquidated damages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

38. Defendant's actions in denying Dupree his wages are intentional, willful, and/or done with reckless disregard for her statutory rights.

### COUNT VI: FLSA – FAILURE TO PAY OVERTIME

39. Turner hereby incorporates paragraphs one (1) through thirty-eight (38) of her Complaint as if the same were set forth at length herein.

40. Turner is a non-exempt employee of Defendant who is engaged in commerce and/or in an enterprise engaged in commerce.

41. Defendant intentionally and willfully failed to compensate Turner at least one and one-half times the minimum wage rate of pay for time she spends performing work-related duties in excess of a workweek of forty (40) hours.

42. Turner is entitled to recover from Defendant all compensation which she earned as well as liquidated damages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

43. Defendant's actions in denying Dupree his wages are intentional, willful, and/or done with reckless disregard for her statutory rights.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Tamika Turner, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Declare that the policies, customs, and practices complained of herein are unlawful and violative of Turner's rights under 42 U.S.C. § 1981;

2. Permanently enjoin Defendant, its agents, employees, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages regarding Turner and complained of herein and from continuing any and all other practices, policies, customs, or usages against Turner and shown to be in violation of applicable law;

3. Order modification or elimination of practices, policies, customs, and usages against Turner and complained of herein and all other such practices, policies, customs, or usages against Turner and shown to be in violation of applicable law so that Defendant, its agents, and employees do not discriminate or retaliate on the basis of race toward Turner and others;

4. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

5. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

6. Liquidated damages for Defendant's failure to pay wages under the FLSA and Indiana law;

7. Compensatory damages for Defendant's violations of 42 U.S.C. § 1981;

8. Punitive damages for Defendant's violations of 42 U.S.C. § 1981;

9. All costs and attorney's fees incurred as a result of bringing this action;

10. Pre- and post-judgment interest on all sums recoverable; and

11. All other legal and/or equitable relief this Court sees fit to grant.

    Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: <u>/s/ Ryan Sullivan</u>
Ryan Sullivan, Atty. No. 34217-64
144 North Delaware Street
Indianapolis, IN 46204
Telephone:   (317) 991-4765
Facsimile:    (812) 424-1005
Email: rsullivan@bdlegal.com

Attorney for Plaintiff, Tamika Turner

## **DEMAND FOR JURY TRIAL**

Plaintiff, Tamika Turner, by counsel, requests a trial by jury on all issues deemed so triable.

    Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Ryan Sullivan
Ryan Sullivan, Atty. No. 34217-64
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: rsullivan@bdlegal.com

Attorney for Plaintiff, Tamika Turner